UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL and SHARON HUPALO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO: 4:18CV1707 HEA |
| | ) | |
| THE GOODYEAR TIRE | ) | |
| & RUBBER COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Amended Complaint, [Doc. No. 13]. Plaintiffs oppose the Motion. For the reasons set forth below, the Motion will be granted.

### Facts and Background[1]

For the purposes of the Motion to Dismiss, the following facts, taken from Plaintiffs' Amended Complaint, are taken as true.

Plaintiffs are the owners of a 2006 Beaver Monterey Patriot Thunder motor home they owned and occupied, identified by VIN 1RF10561861035494 ("Subject RV").

Defendant is an Ohio corporation with its principal place of business located

---

[1] The recitation of facts is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof thereof in later proceedings.

in Akron, Ohio, that conducts business throughout Missouri. Defendant is in the general business of manufacturing, designing, distributing, selling and introducing into the stream of commerce tires, including the 2011 Goodyear RV 295/80R 22.5 G670 tire (hereinafter "Subject Tire") that were located on the Subject RV at the time of the Accident that is the subject of this lawsuit.

On September 21, 2016, the Subject RV was involved in a single-vehicle accident as a result of the unforeseeable failure of the Subject Tire that was located in the front driver side portion of the Subject RV ("Subject Accident"). Plaintiffs suffered substantial property damage as a result of the Subject Accident in the approximation of $194,055.11.

The Subject Tire was designed, assembled, manufactured, sold, distributed and introduced into the stream of commerce by Defendant, and was expected to and did reach Plaintiffs without substantial change in the condition in which it was manufactured and distributed to Plaintiffs. The Subject Tire was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use in that it was designed, assembled, manufactured, sold and distributed by Defendant as defective, and Defendant failed to have any devices to prevent defects such as the type which caused the dangerous condition or situation wherein a catastrophic tire failure would occur.

The Subject Tire was used in a manner reasonably anticipated.

The Subject Tire was expected to and did reach Plaintiffs without substantial change in the condition in which it was manufactured. The Subject Tire was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use in that it was designed, manufactured, assembled, sold, distributed and introduced into the stream of commerce by Defendant as defective, and Defendant failed to have any devices to prevent design defects such as the type which caused the dangerous condition or situation wherein a catastrophic tire failure would be likely and inevitable. Defendant did not give an adequate warning of the unreasonable danger.

Defendant designed, manufactured, assembled, sold, distributed and introduced into the stream of commerce the Subject Tire to Plaintiffs. Defendant represented to Plaintiffs that the Subject Tire was in good working order and was fit for use as a tire capable of being used on the Subject RV. The aforesaid representations were material factors in inducing Plaintiffs to acquire the Subject Tire. The Subject Tire did not conform to the aforesaid representations, in that, among other things, the Subject Tire was designed, manufactured, sold, assembled, distributed and introduced into the stream of commerce by Defendant as defective and unreasonably dangerous. The aforesaid non-conformities caused the Subject Tire to fail, allowing a catastrophic tire failure and resulting single-vehicle accident to occur so that Plaintiffs were not able to use the Subject Tire in a

reasonable manner.  Plaintiffs notified Defendant of said non-conformities.

When Defendant designed, manufactured, sold, assembled, distributed and introduced into the stream of commerce the Subject Tire, it was not fit for its ordinary purpose because the Subject Tire was designed, manufactured, sold, distributed and introduced into the stream of commerce by Defendant as defective, and Plaintiffs used the Subject Tire for its ordinary purpose and gave Defendant notice that it was not fit for ordinary purposes.

Defendant knew or should have known that the use for which the Subject Tire was purchased by Plaintiffs was for use on the Subject RV.  Plaintiffs reasonably relied on Defendant's judgment that the Subject Tire was fit for such use.  When the Subject Tire was sold to Plaintiffs it was not fit for such use because the Subject Tire was designed, manufactured, sold, distributed and introduced into the stream of commerce by Defendant as defective and was susceptible to failure, and Plaintiffs notified Defendant of said defect.

When the Subject Tire was sold to Plaintiffs it was not fit for such use because the Subject Tire was designed, manufactured, sold, distributed and introduced into the stream of commerce by Defendant as defective and was susceptible to failure, and Plaintiffs notified Defendant of said defect.

Defendant, individually and through the acts of its actual and apparent agents, was negligent in the sale, design, assembly, distribution and/or

manufacturing of the Subject Tire that was sold to Plaintiffs in the following respects:

a) By negligently and recklessly designing, selling, manufacturing, distributing and assembling the Subject Tire so as to allow the manufacture of the tire by Defendant as defective.

b) By knowing the design on other tires were defective and not designing tires that were not susceptible to catastrophic failures;

c) By carelessly and negligently failing to inform Plaintiffs of said problems with the tires, including the Subject Tire;

d) By negligently designing the tires, including the Subject Tire; and

e) By negligently failing to warn Plaintiffs of the defective design of the Subject Tire.

Defendant failed to use ordinary care in the manufacture, design and distribution of the Subject Tire to be reasonably safe for use and/or failed to warn Plaintiffs of the risk of harm from the defective tire.

The Amended Complaint sets forth six counts: strict liability, strict liability-failure to warn, breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and negligence.

## Legal Standard

Defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to

dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as

a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555, 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

## Discussion

Plaintiffs' claims all suffer from the flaws stated above. In each of their claims, Plaintiffs merely set out the elements of the causes of action, with no facts to establish the minimal pleading requirements. While it is true that there is not a heightened specificity requirement under the Federal Rules for the types of claims Plaintiffs allege, Plaintiffs are required to set forth more than "threadbare

recitation" of the elements of their causes of action. The Amended Complaint contains insufficient allegations to raise any plausible claims for relief. Plaintiffs simply articulate the elements of their claims and add conclusions. Plaintiffs allege the tire was defective and therefore caused their damages. Defendants are entitled to at least minimal facts under *Twombly* and *Iqbal.*

## Conclusion

Based upon the foregoing analysis, the Motion to Dismiss is well taken. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are given 14 days from the date of this Opinion, Memorandum and Order to file an amended complaint.

Dated this 15th day of May, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE