UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL & SHARON HUPALO, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:18:CV1707 HEA |
| v. | ) | |
| | ) | |
| THE GOODYEAR TIRE | ) | |
| & RUBBER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant the Goodyear Tire & Rubber Company's ("Goodyear") Motion to Dismiss Plaintiffs' Second Amended Complaint [Doc. No. 19]. Plaintiffs oppose the Motion. For the reasons set forth below, the Motion will be granted.

### **Facts and Background**

For the purposes of the Motion to Dismiss, the following facts, taken from Plaintiffs' Second Amended Complaint, are assumed true.

Plaintiffs are the owners of a 2006 Beaver Monterey Patriot Thunder motor home, which they owned and occupied, identified by VIN 1RF10561861035494 ("Subject RV").

Defendant is an Ohio corporation with its principal place of business in Akron, Ohio, that is in good standing in the State of Missouri and conducts business throughout the state. Defendant is in the general business of manufacturing, designing, distributing, selling and introducing into the stream of commerce tires, including the 2011 Goodyear RV 295/80R 22.5 G670 tire ("Subject Tire") that were located on the Subject RV at the time of the Accident that is the subject of this lawsuit.

On September 21, 2016, the Subject RV was involved in a single-vehicle accident as a result of the unforeseeable failure of the Subject Tire that was located on the front driver side portion of the Subject RV ("Subject Accident") due to the tread separating from the tire that allowed for the permeation of air through the tire and oxidation to occur, causing the tire to fail prematurely.

Plaintiffs suffered substantial property damage as a result of the Subject Accident in the approximation of $194,055.11.

The Subject Tire was designed, assembled, manufactured, sold, distributed and introduced into the stream of commerce by Defendant, and was expected to and did reach Plaintiffs without substantial change in the condition in which it was manufactured and distributed to Plaintiffs. The Subject Tire was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use in that it was designed, assembled, manufactured, sold and distributed by

Defendant as defective, and Defendant failed to have any devices to prevent defects such as the type which caused the dangerous condition or situation wherein a catastrophic tire failure would occur due to tread separation.

The Subject Tire was used in a manner reasonably anticipated. The Subject Tire was expected to and did reach Plaintiffs without substantial change in the condition in which it was manufactured. Defendant did not give an adequate warning of the unreasonable danger.

Defendant designed, manufactured, assembled, sold, distributed and introduced into the stream of commerce the Subject Tire to Plaintiffs. Defendant represented to Plaintiffs that the Subject Tire was in good working order and was fit for use as a tire capable of being used on the Subject RV. The aforesaid representations were material factors in inducing Plaintiffs to acquire the Subject Tire. The Subject Tire did not conform to the aforesaid representations, in that, among other things, the Subject Tire was designed, manufactured, sold, assembled, distributed and introduced into the stream of commerce by Defendant as defective and unreasonably dangerous. The aforesaid non-conformities caused the Subject Tire to fail, allowing a catastrophic tire failure and resulting single-vehicle accident to occur so that Plaintiffs were not able to use the Subject Tire in a reasonable manner. Plaintiffs notified Defendant of said non-conformities.

When Defendant designed, manufactured, sold, assembled, distributed and introduced into the stream of commerce the Subject Tire, it was not fit for its ordinary purpose because the Subject Tire was designed, manufactured, sold, distributed and introduced into the stream of commerce by Defendant as defective, and Plaintiffs used the Subject Tire for its ordinary purpose and gave Defendant notice that it was not fit for ordinary purposes.

Defendant knew or should have known that the use for which the Subject Tire was purchased by Plaintiffs was for use on the Subject RV. Plaintiffs reasonably relied on Defendant's judgment that the Subject Tire was fit for such use.

When the Subject Tire was sold to Plaintiffs it was not fit for such use because the Subject Tire was designed, manufactured, sold, distributed and introduced into the stream of commerce by Defendant as defective and was susceptible to failure, and Plaintiffs notified Defendant of said defect.

Defendant, individually and through the act of its actual and apparent agents, was negligent in the sale, design, assembly, distribution and/or manufacturing of the Subject Tire that was sold to Plaintiffs in the following respects:

a) By negligently and recklessly designing, selling, manufacturing, distributing and assembling the Subject Tire so as to allow the manufacture of the tire by Defendant as defective;

b) By knowing the design on other tires was defective and not designing tires that were not susceptible to catastrophic failures;

4

    c) By carelessly and negligently failing to inform Plaintiffs of said problems with the tires, including the Subject Tire;

    d) By negligently designing the tires, including the Subject Tire; and

    e) By negligently failing to warn Plaintiffs of the defective design of the Subject Tire.

Defendant failed to use ordinary care in the manufacture, design, and distribution of the Subject Tire to be reasonably safe for use and/or failed to warn Plaintiffs of the risk of harm from the defective tire.

The Second Amended Complaint sets forth six counts: strict liability, strict liability-failure to warn, breach of express warranty, breach of implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and negligence.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A dismissal under Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.,* 244 F.3d 623, 627 (8th Cir. 2001).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atl. Corp. v. Twombly*, the Supreme Court

5

clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 566 U.S. 662, 678-79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Skinner v. Switzer,* 562 U.S. 521, 529-30 (2011). "Determining whether a complaint states a plausible claim for relief… [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. Of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

## Discussion

Plaintiffs' claims all suffer from the flaws stated above. In each of their claims, Plaintiffs merely set out the elements of the causes of action, with no facts to establish the minimal pleading requirement.

While it is true that there is not a heightened specificity requirement under the Federal Rules for the types of claims Plaintiffs allege, Plaintiffs are required to set forth more than "threadbare recitation" of the elements of their causes of action.

Plaintiffs' Second Amended Complaint is essentially identical to the First Amended Complaint, which was dismissed. Adding scientific language is not a sufficient addition to meet the minimal pleading requirement. Plaintiffs added, "allowed the tread to separate from the tire which permitted air to permeate through the tire and lead to early oxidation," or its equivalent, throughout the complaint, without identifying the defect itself.

This added language is conclusory and is not entitled to the assumption of its truth. Plaintiffs failed to allege any fact as to what element of the Subject Tire's design caused the tread separation, what component or part of the Subject Tire was defective, or what aspect of the manufacturing process was defective. Minus these allegations, Plaintiffs failed to plead the existence of either a design or a manufacturing defect. They merely allege that the Subject Tire's failure establishes the existence of a defect. However, this is conclusory. Tires fail for many reasons, being excessively weight-overloaded, inadequate inflation, being punctured by something in the road, etc., none of which are as a result of a manufacturing or design defect.

The Second Amended Complaint contains insufficient allegations to raise any plausible claims for relief. Plaintiffs simply articulate the elements of their claim and add conclusions. The mere addition of the scientific language is the only change made to the Second Amended Complaint and is not sufficient to state a plausible claim for relief. Plaintiffs must plead facts regarding what it is they claim to be the design or manufacturing defect which caused the Subject Tire to fail.

Plaintiffs simply allege that the tire was defective and therefore caused their damages. Defendants are entitled to facts which meet the plausibility standard under *Twombly* and *Iqbal*, not mere conclusions.

## Conclusion

Based upon the foregoing analysis, the Motion to Dismiss is well taken. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are given 14 days from the date of this Opinion, Memorandum and Order to file an amended complaint.

Dated is 26th day of November, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE