UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL and SHARON HUPALO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO: 4:18CV1707 HEA |
| ) | |
| THE GOODYEAR TIRE ) | |
| & RUBBER COMPANY ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Section the Subject Tire, [Doc. No. 47]. Defendant opposes the Motion, and Plaintiffs have filed a reply to the opposition. For the reasons set forth below, the motion will be granted.

**Facts and Background**

Plaintiffs claim that their RV had a defectively manufactured Goodyear tire which caused a catastrophic tire failure, which resulted in a one-vehicle RV crash. Plaintiffs have alleged that a manufacturing defect consistent with low adhesion of the liner component to the tire carcass allowed air and moisture to permeate through the tire and cause early oxidation of the tire components, weakening the carcass of the tire and resulting in the catastrophic tire failure. Plaintiffs move to section portions of the Subject Tire for it to be analyzed under microscope and FTIR, an analytical technique for analyzing compounds for their chemical

structure. Plaintiffs' expert has performed this testing on an exemplar tire. Plaintiffs move the Court for authority to section the tire for this analysis under Rule 34 of the Federal Rules of Civil Procedure.

## Legal Standard

Ruel 34 provides the authority to seek to sample the tire.

(a) In General. A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

## Discussion

The parties agree that the four factor balancing test annunciated in *Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. 611 (D. Md. 2006) is the accepted analytical framework for whether to allow sampling:

> [There are] four specific inquiries relevant to the balancing test. They are: 1) Whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case; 2) Whether the non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some other way; 3) Whether there are any less prejudicial alternative methods of obtaining the evidence sought; and 4) Whether there are adequate safeguards to minimize prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial.

*Mirchandani*, 235 F.R.D. at 614.

**Reasonable, Necessary, and Relevant**

Defendant argues that this testing is not necessary or relevant because it simply bolsters Plaintiffs' expert's previously given opinion. Plaintiffs, however, point out that the testing does not because the results are unknown, and they may prove to discredit the expert's opinion. And, as Plaintiffs observe, the testing will provide the jury with evidence of whether the tire failed because of the adhesion theory or not. Defendant's concern that the exemplar tire's wear, etc. is not an issue if the sampling is allowed, since, as Plaintiffs represent to the Court, it is the inner liner that is to be examined.

**Prejudice to Defendant**

No prejudice to Defendant will occur since the tire will still be available to it for showing the jurors. Plaintiffs have also assured the Court that the sample will be retained as will the remainder of the tire for juror observation.

**Non-destructive Alternative Methods**

Defendant has not presented any other viable test for the determination. While Plaintiffs have examined the tire in non-destructive ways, there appears no other test that can be performed without this sampling.  Indeed, the sample to be taken appears to be minimal and allows the tire to remain mostly in the condition it is now.

**Adequate Safeguards**

Plaintiffs' expert will take a smaller sample of the Subject Tire than he did of the exemplar.  Photographs will be taken before sampling.  The Subject Tire will remain for examination, as will the sample.  The Court believes these safeguards are adequate to minimize any potential prejudice to Defendant.

## Conclusion

Based upon the foregoing analysis, the Motion to Section the Subject Tire satisfies the four factor balancing test.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Section the Subject Tire, [Doc. No. 47], is granted.

Dated this 14th day of April, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE